IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMIR MOUSSA, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|         v. | ) Civil Action No.  07-9 Erie |
| | ) |
| PENNSYLVANIA DEPARTMENT OF | ) |
| PUBLIC WELFARE; STACY GEYER, | ) |
| An agent and employee of the PA | ) |
| DEPARTMENT OF PUBLIC WELFARE | ) |
| | ) **Electronically Filed** |
|         Defendants. | ) |

## ANSWER TO COMPLAINT

AND NOW, come Pennsylvania Department of Public Welfare, and Stacy Boal, (incorrectly named as Stacy Geyer), by their attorneys, Thomas W. Corbett, Jr., Attorney General, Tracey A. Wilson, Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully submit the following answer to Plaintiff's complaint:

## FIRST DEFENSE

The defendants respond to Plaintiff's factual allegations as follows:

1.      Paragraph 1 does not contain allegations of fact to which a response is required.  To the extent that a response is deemed required, said allegations are denied.

2.      Paragraph 2 contains conclusions of law to which no response is required. To the extent that a response is deemed required, said allegations are denied.

3.      Paragraph 3 is admitted.

4.      In response to Paragraph 4, it is admitted that Plaintiff was employed by the Commonwealth of Pennsylvania Department of Public Welfare from February 10, 1986 until January 4, 2006, with the exception of a period in 1999 and was terminated on January 4, 2006 as a staff physician at the Department of Public Welfare's Polk Center facility.   All remaining allegations are denied as this defendant has insufficient information upon which to form a basis of belief.

5.      Paragraph 5 is admitted.

6.      Paragraph 6 is admitted.  By way of further response, Stacy Geyer is now known by her married name of Stacy Boal.

7.      Paragraph 7 is a conclusion of law to which no response is required.  To the extent that a response is deemed required, said allegations are denied.

8.      Paragraph 8 is a conclusion of law to which no response is required.  To the extent that a response is deemed required, said allegations are denied.

9.      Paragraph 9 is admitted.

10.     Paragraph 10 is admitted.

11.     Paragraph 11 is denied.

12.     Paragraph 12 is admitted.

13.     Paragraph 13 is admitted.

14.     Paragraph 14 is admitted.  By way of further response, Polk Center denied all allegations of wrongdoing in that matter.

15.     Paragraph 15 is admitted.

16.     Paragraph 16 is admitted.

17.     Paragraph 17 is denied.

18.     Paragraph 18 is denied as this defendant has insufficient information upon which to form a basis of belief.

19.     Paragraph 19 is denied as stated.  By way of further response, Polk Center conducted a thorough investigation of Dahl's claims of sexual harassment and found them to be substantiated.

20.     Paragraph 20 is denied.

21.     Paragraph 21 is denied.

22.     Paragraph 22 is denied.

23.     Paragraph 23 is admitted.

24.     Paragraph 24 is denied.

## COUNT I

25.     In response to paragraph 25, Defendants incorporate their answers to paragraphs 1 through 24 above as though set forth fully herein.

26.     Paragraph 26 contains a conclusion of law to which no response is required.  To the extent that a response is deemed denied, said allegations are denied.

27.     Paragraph 27 is admitted.

28.     Paragraph 28 contains a conclusion of law to which no response is required.  To the extent that a response is deemed denied, said allegations are denied.

29.     Paragraph 29 is denied.

30.     Paragraph 30 is denied.

31.     Paragraph 31 is denied.

32.     Paragraph 32 does not contain allegations of fact to which a response is required. To the extent that a response is deemed required, said allegations are denied.

33.     Paragraph 33 is denied.

## COUNT II

34.     In response to paragraph 34, Defendants incorporate their answers to paragraphs 1 through 33 above as though set forth fully herein.

35.     Paragraph 35 contains a conclusion of law to which no response is required.  To the extent that a response is deemed required, said allegations are denied.

36.     Paragraph 36 is admitted.

37.     Paragraph 37 contains a conclusion of law to which no response is required.  To the extent that a response is deemed required, said allegations are denied.

38.     Paragraph 38 is denied.

39.     Paragraph 39 is denied.

40.     Paragraph 40 is denied.

41.     Paragraph 41 does not contain allegations of fact to which a response is required. To the extent that a response is deemed required, said allegations are denied.

42.     Paragraph 42 is denied.

## COUNT III

43.     In response to paragraph 43, Defendants incorporate their answers to paragraphs 1 through 42 above as though set forth fully herein.

44.     Paragraph 44 contains a conclusion of law to which no response is required.  To the extent that a response is deemed required, said allegations are denied.

45.     Paragraph 45 is admitted.

46.     Paragraph 46 contains a conclusion of law to which no response is deemed required.  To the extent that a response is deemed required, said allegations are denied.

47.     Paragraph 47 is denied.

48.     Paragraph 48 is denied.

49.     Paragraph 49 is denied.

50.     Paragraph 50 does not contain allegations of fact to which a response is required. To the extent that a response is deemed required, said allegations are denied.

51.     Paragraph 51 is denied.

## COUNT IV

52.     In response to paragraph 52, Defendants incorporate their answers to paragraphs 1 through 51 above as though set forth fully herein.

53.     Paragraph 53 contains a conclusion of law to which no response is required.  To the extent that a response is deemed required, said allegations are denied.

54.     Paragraph 54 is denied.

55.     Paragraph 55 is denied.

56.     Paragraph 56 is denied.

57.     Paragraph 57 does not contain allegations of fact to which a response is required.  To the extent that a response is deemed required, said allegations are denied.

58.     Paragraph 58 is denied.

## COUNT V

59.     In response to paragraph 59, Defendants incorporate their answers to paragraphs 1 through 58 above as though set forth fully herein.

60.     Paragraph 60 is denied.

61.      Paragraph 61 contains conclusions of law to which no response is required.  To the extent a response is deemed required, said allegations are denied.

62.      Paragraph 62 is denied.

63.      Paragraph 63 is denied.

64.      Paragraph 64 is denied.

65.      Paragraph 65 does not contain allegations of fact to which a response is required.  To the extent a response is deemed required, said allegations are denied.

66.      Paragraph 66 is denied.

## GENERAL PRAYER FOR RELIEF

67.      Paragraph 67, including all subparagraphs thereto, does not contain allegations of fact to which a response is required.  To the extent a response is deemed required, said allegations are denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies properly before filing this suit.

## THIRD AFFIRMATIVE DEFENSE

Among plaintiff's claims are those barred by applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Eleventh Amendment applies to bar some of the claims raised against defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state claims on which relief can be granted in any respect.

## SIXTH AFFIRMATIVE DEFENSE

Any injuries and/or damages received by the plaintiff were the direct result of his own actions and defendants cannot be liable therefore.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to all available defenses under all of the statutes under which plaintiff's claims are raised.

## EIGHTH AFFIRMATIVE DEFENSE

None of plaintiff's constitutional rights were violated.

## NINTH AFFIRMATIVE DEFENSE

The Fargher/Ellerth defense applies to the Title VII claims.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

At no time did defendants deprive or seek to deprive the plaintiff of any rights, privileges, or immunities secured to her by the Constitution or other laws of the United States and/or the Commonwealth of Pennsylvania.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants were at all times acting in good faith and in an objectively reasonable manner and are, therefore, entitled to qualified good faith immunity from civil damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' actions did not violate any clearly established federal rights of the plaintiff, therefore, this defendant is entitled to qualified immunity from civil damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants were at all times acting in good faith, in an objectively reasonable manner and with a reasonable belief in the lawfulness of their actions.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any injuries or losses suffered by the plaintiff were the direct result of his own job performance, misconduct, actions or omissions, or were caused by the conduct or actions of third parties over whom the Defendants have no control or responsibility.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendants were at all times acting pursuant to a duty required or authorized by statute or regulation; and, therefore, said acts were within the discretion granted to them by statute or statutorily authorized regulations.

Respectfully submitted,

**THOMAS W. CORBETT, JR.**
**Attorney General**


By:   s/Tracey A. Wilson
      Tracey A. Wilson
      Deputy Attorney General
      Attorney I.D. No. 64350

      Susan J. Forney
      Chief Deputy Attorney General
      Chief, Litigation Section


OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA   15219

Date:  March 9, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Answer to Complaint was served upon the following via electronic/first-class mail on March 9, 2007.

Joseph H. Chivers, Esquire
Suite 600
312 Boulevard of the Allies
Pittsburgh, PA   15222

s/Tracey A. Wilson
Tracey A. Wilson
Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Date: March 9, 2007